Scully-Weinmuller v Gigante (2018 NY Slip Op 08706)





Scully-Weinmuller v Gigante


2018 NY Slip Op 08706


Decided on December 19, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 19, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SANDRA L. SGROI
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2018-05317
 (Index No. 602106/16)

[*1]Susan Scully-Weinmuller, respondent, 
v
Joseph Gigante, etc., et al., defendants, Donald Krieff, et al., appellants.


Aaronson Rappaport Feinstein & Deutsch, LLP, New York, NY (Deirdre E. Tracey and Alexander Sikoscow of counsel), for appellants.
Marc S. Albert, Astoria, NY (Jerrold N. Cohen of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the defendants Donald Krieff, Neurological Surgery, P.C., and Ramin Rak appeal from an order of the Supreme Court, Nassau County (Jack L. Libert, J.), entered April 25, 2018. The order, insofar as appealed from, upon the denial of the motion of the defendants Donald Krieff, Neurological Surgery, P.C., and Ramin Rak, inter alia, to resettle an order of the same court entered October 19, 2017, sua sponte, directed those defendants to produce a certain privilege log within 30 days of the date of the order.
ORDERED that the appeal is dismissed, without costs or disbursements.
The appeal must be dismissed because no appeal lies as of right from a portion of an order that does not decide a motion made on notice, and we decline to grant leave to appeal therefrom (see CPLR 5701[a][2]). To the extent that the appellants raise the issue of whether certain documents sought by the plaintiff in discovery were privileged, and, thus, not subject to disclosure, that issue is not properly before this Court on this appeal, and can only be reviewed on the appeal from a prior order of the Supreme Court entered October 19, 2017, which determined that branch of the plaintiff's prior motion which was to compel the appellants to disclose the subject documents and denied the appellants' cross motion for a protective order.
CHAMBERS, J.P., SGROI, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court